```
                                            RECEIVED
                                       USDC, CLERK, CHARLESTON, SC
     IN THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF SOUTH CAROLINA
              CHARLESTON DIVISION          2008 APR 14  A 11: 03
```

Robert M. Zeigler,               )    C. A. No. 2:07-3448-MBS-RSC
                                 )
            Plaintiff,           )
                                 )
         -versus-                )    **REPORT AND RECOMMENDATION**
                                 )
Guidant Corporation d/b/a        )
Guidant Sales Corporation, a     )
Boston Scientific Company,       )
and Michael Gold, M.D.,          )
                                 )
            Defendants.          )

This employment discrimination action is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant's motion to dismiss one cause of action under Fed. R. Civ.P. 12(b)(6). 28 U.S.C. 636(b).

The plaintiff, Robert Zeigler, sued his former employer, Defendant Guidant Corporation, and alleged that he was terminated from his employment in violation of Title VII and the public policy of South Carolina. On February 21, 2008, the defendant filed a motion to dismiss the plaintiff's cause of action for wrongful termination in violation of public policy. The plaintiff opposed the motion on March 6, 2008, and oral argument before the undersigned was had on April 10, 2008. Hence, it appears consideration of the motion is appropriate.

A review of the record and relevant case law indicates that the defendant's motion should be granted.

1

Plaintiff's public-policy claim is based on his contention that the public policy of South Carolina prohibits employers from retaliating against employees for complaining about discrimination. (Am. Compl. ¶ 49). Plaintiff alleges that he was discharged in retaliation for reporting harassment of a female co-worker by co-defendant Michael Gold, M.D. (Am. Compl. ¶¶ 43-45). For purposes of this motion the court accepts as true the allegations in Plaintiff's Amended Complaint.

However, since Plaintiff has statutory remedies available for the claimed wrong set forth in the amended complaint, and has in fact asserted a claim under those statutes, he cannot maintain a claim for the tort of wrongful discharge in violation of public policy.

The tort was first recognized by the South Carolina Supreme Court in <u>Ludwick v. This Minute of Carolina, Inc.</u>, 337 S.E.2d 213 (S.C. 1985), which held that, "Where the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises." <u>Id</u>. at 216. Since <u>Ludwick</u>, South Carolina courts have consistently held that a public-policy claim cannot be maintained where there is a statutory remedy available to redress the discharge in violation of public policy. <u>See</u>, <u>e.g.</u>, <u>Lawson v. S.C. Dep't of Corrections</u>, 532 S.E.2d 259, 261 (S.C. 2000) (public-policy claim not allowed where employee had remedy under

state Whistleblower Act); Dockins v. Ingles Mkts., Inc., 413 S.E.2d 18, 19 (S.C. 1992) (public-policy claim not allowed in retaliatory-discharge case where employee had remedy under Fair Labor Standards Act); Epps v. Clarendon County, 405 S.E.2d 386, 387 (S.C. 1991) (public-policy claim not allowed where employee had remedy under 42 U.S.C. § 1983). "The Ludwick exception to at-will employment is not designed to overlap an employee's statutory rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists." Stiles v. Am. Gen. Life Ins. Co., 516 S.E.2d 449, 452 (S.C. 1999) (Toal, J., concurring).

Plaintiff simply cannot maintain a separate state law claim for wrongful termination in violation of public policy in this action in light of the availability of Title VII which he also invokes.

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that the defendant's motion be granted, and the Plaintiff's public policy cause of action be dismissed.

Respectfully Submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
April 14, 2008